## Henry H. Shufeldt et al.

### v.

## Charles M. Henderson.

*Practice—Evidence.*

In an action on a lease and assignment thereof, if the defendant has filed no affidavit denying their execution, such instruments are admissible in evidence without proof of such execution.

[Opinion filed May 31, 1888.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. D. S. Gooding, for appellants.

Mr. R. B. Bacon, for appellee.

McAllister, J.   The one count in the declaration in this case is special, upon a lease made December 20, 1878, between The Chicago Gas Light & Coke Company, as the lessor, and the appellants, Shufeldt & Company, as the lessees, whereby the former leased to the latter certain described premises from January 1, 1879, to April 30, 1884, for which the latter covenanted to pay rent to the former at the rate of $2,000 per year, payable quarterly.   It was also alleged that, January 8, 1881, the said lessor, by an instrument of assignment of that date, sold, assigned and transferred said lease to the plaintiff, Henderson, to whom the lessees, defendants, attorned.   The suit was to recover rent for one quarter under the terms of

said lease, and interest thereon. The plaintiff had judgment, and the defendants appealed to this court.

The only point made for reversal is that there never having been any copy of either the lease or assignment filed with the declaration, the court erred in admitting them in evidence against defendants' objection, without any evidence as to the execution of either. Neither of the defendants had denied, under oath, the execution of either instrument.

The action was brought upon the lease and the assignment. So that Sec. 33 of the Practice Act (2 Starr & C. Ill. Stat. p. 1798) is specific to the effect that defendants, not having filed any affidavit denying the execution of the respective instruments, could not be permitted to deny their execution upon the trial, and proof of such execution was not required of the plaintiff before giving them in evidence.

The judgment should be affirmed.

*Judgment affirmed.*